UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MARCOS ALBINO BUSTAMANTE, et al.,

Plaintiffs,

v.

KRISTI NOEM, et al.,

Defendants.

Case No. 25-cv-02605-LB

**ORDER GRANTING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION, AND REMANDING FOR RECONSIDERATION**

Re: ECF Nos. 34, 38

## INTRODUCTION

This Administrative Procedure Act (APA) case challenges U.S. Citizenship and Immigration Services' (USCIS) denial of plaintiff Marcos Albino Bustamante's Form I-918 petition for U nonimmigrant status (commonly called a U visa) and his wife's derivative application. 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14(b). Mr. Bustamante alleges that he was the victim of a qualifying crime — felonious assault during a robbery — and supported his petition with declarations, medical evidence, and two law-enforcement certifications on Form I-918B. USCIS and its Administrative Appeals Office (AAO) denied the petition, concluding that the record did not support felonious assault or any substantially similar criminal activity under 8 U.S.C. § 1101(a)(15)(U)(iii). The principal reason was that the police report identified only robbery and noted no visible injuries or need for medical attention.



United States District Court
Northern District of California

The plaintiffs contend that the denial is arbitrary, capricious, and unsupported by substantial evidence because the AAO (1) misapplied governing law and (2) disregarded or failed to explain its rejection of material evidence favorable to the petition. The matter is remanded for reconsideration on these grounds.

**REGULATORY SCHEME**

Victims of certain crimes who report the crimes and cooperate in their investigation can petition for a U visa by submitting Form I-918, Petition for U Nonimmigrant Status (known as a U visa petition). To be eligible, a petitioner must show, among other things, that he (1) suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity, (2) possesses information concerning that activity, and (3) has been, is being, or is likely to be helpful to authorities investigating or prosecuting it. 8 U.S.C. § 1101(a)(15)(U)(i); 8 C.F.R. § 214.14(b). "Investigation and prosecution" include the detection of qualifying criminal activity. 8 C.F.R. § 214.14(a)(5).

"Qualifying criminal activity" includes felonious assault. 8 U.S.C. § 1101(a)(15)(U)(iii) (listing twenty-eight crimes, including felonious assault, and attempt, conspiracy, or solicitation); 8 C.F.R. § 214.14(a)(9) (same). "Similar activity" is when the nature and elements of the offense are substantially similar to a listed crime. 8 C.F.R. § 214.14(a)(9). A petitioner must submit a certification (Form I-918B) confirming that he is a victim of qualifying criminal activity that the certifying agency has detected, investigated, or prosecuted. 8 U.S.C. § 1184(p)(1); 8 C.F.R. § 214.14(c)(2)(i). The petition must include a "signed statement by the petitioner describing the facts of the victimization." 8 C.F.R. § 214.14(c)(2)(iii). The petitioner may submit additional evidence. *Id.* § 214.14(c)(2)(ii). USCIS must "consider any credible evidence relevant to the petition" and gives law-enforcement certifications significant weight, though they are not conclusive. 8 U.S.C. § 1184(p)(4); 8 C.F.R. § 214.14(c)(4); 72 Fed. Reg. 53014, 53024 (Sept. 17, 2007).

**STATEMENT**

The plaintiffs are Mexican citizens and spouses. Mr. Bustamante applied for a U visa because — according to the police report — on March 27, 2005, in a Watsonville, California, park restroom,

an assailant demanded his money, headbutted him, and took $150. Mr. Bustamante feared for his life and did not resist. Mr. Bustamante "had no visible injuries, and medical attention was not needed."[1] A Form I-918B, executed by a Watsonville police officer on April 1, 2015, recounts the assault and robbery, states that there were "[n]o documented or known injuries," and checks boxes reflecting felonious assault and robbery.[2]

Mr. Bustamante describes the attack in more detail. The larger assailant struck him several times on his head and body, knocked him facedown, and pressed a knee into his neck while taking $150 dollars.[3] The responding police officer spoke English, Mr. Bustamante could barely understand him when he tried to speak Spanish, Mr. Bustamante did not speak English well, and Mr. Bustamante's brother-in-law (who was with him) did not speak English.[4] Mr. Bustamante believes that the officer either misunderstood him, or possibly Mr. Bustamante did not provide full details, because of the language barrier.[5] Mr. Bustamante suffered bruises, severe headaches not alleviated by medication, neck and body pain, sleeplessness, and recurring nightmares.[6] He submitted a 2015 mental-health evaluation diagnosing clinically significant PTSD, medical records documenting multiple emergency-room trips for intractable migraines, and corroborating letters and declarations from family members. His counsel submitted a letter arguing that the robbery was a qualifying crime.[7]

In response to USCIS's January 2020 Notice of Intent to Deny the petition, Mr. Bustamante provided a second Form I-918B, executed by a Watsonville police sergeant on February 11, 2020, describing the crime as a felonious assault and noting that not all Department officers were

---

[1] Compl. – ECF No. 1 at 5 (¶ 6); Form I-918B, AR – ECF No. 29 at 337 (p. 335); Incident Rep. – *id.* at 340 (p. 338). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents and, for the Administrative Record (AR), to the numbers at the bottom of documents.

[2] Form I-918B, AR – ECF No. 29 at 336–38 (pp. 334–36).

[3] Decl. – *id.* at 343 (p. 341, ¶¶ 2–3).

[4] *Id.* (¶¶ 3–5).

[5] *Id.* at 344 (p. 342, ¶ 8).

[6] *Id.* (¶¶ 9–11).

[7] Evaluation – *id.* at 351–54 (pp. 349–52); Letter – *id.* at 274–78 (pp. 272–76); Decl. – *id.* at 279 (p. 277); Letter – *id.* at 281 (p. 279); Rs. – *id.* at 283–94 (pp. 281–92).

Spanish speakers.[8] He submitted a letter from his nurse practitioner confirming his ongoing treatment for headaches since the assault, a second mental-health evaluation confirming his significant PTSD and depression, and corroborating letters from family members.[9]

On June 10, 2020, USCIS denied the plaintiffs' petition, concluding that Mr. Bustamante had not established that law enforcement detected, investigated, or prosecuted a qualifying crime enumerated in 8 U.S.C. § 1101(a)(15)(U)(iii) and determining that he showed only that he was a victim of a robbery, which is not a qualifying crime or substantially similar to felonious assault.[10] The AAO dismissed his appeal, agreeing that the record did not establish either a felonious assault or any substantially similar criminal activity.[11] It explained that the reports and the Forms I-918B did not cite any felony assault statute, the evidence showed only that the plaintiff was the victim of a robbery, and robbery under California law did not share necessary elements with felony assault and thus was not a "substantially similar" crime.[12]

More specifically, the AAO explained that law-enforcement authorities investigated a robbery:

> Here, neither the original or updated Supplement B, nor the police report, cite to or reference any felony-level assault provision under California law, or otherwise reference a felony assault, as having been detected, investigated, or prosecuted as perpetrated against the Petitioner. Rather, all three documents identify the offense committed only as a robbery with force or fear under section 211 of the Cal. Penal Code. . . . For an assault to be classified as a felony in California, an aggravating factor must be present, such as the use of a deadly weapon or force likely to produce great bodily injury . . . . [T]he documents indicate that the Petitioner suffered no injuries, known, or otherwise documented, and the police report specifically states the investigating officer determined medical attention was not needed. As such, the Petitioner has not established that law enforcement detected or investigated the criminal activity as the qualifying crime of felonious assault.[13]

The AAO rejected the assertion that a language barrier prevented law enforcement from detecting a felony assault and concluded that the record supported robbery, not a felonious assault:

---

[8] Request – *id.* at 193–96 (pp. 191–94); Form I-918B – *id.* at 217–21 (pp. 215–19).

[9] Letters – *id.* at 222 (p. 220), 228–31 (pp. 226–29); Evaluation – *id.* at 223–27 (pp. 221–25).

[10] USCIS Decision – *id.* at 178–83 (pp. 176–81).

[11] AAO Decision – *id.* at 10–15 (pp. 8–13).

[12] *Id.* at 12–14 (pp. 10–12).

[13] *Id.* at 13 (p. 11).

> [O]ur review of the record does not reflect that the Petitioner or the reporting police officers expressed any difficulties in communication as he asserts. . . . The account of the criminal incident set forth in the Supplement B forms and police report is consistent with a robbery. Accordingly, the preponderance of the evidence demonstrates that the Petitioner is the victim of robbery under California law, which is not a qualifying criminal activity, and does not establish that law enforcement also detected, investigated, or prosecuted the qualifying crime of felonious assault as perpetrated against him as he asserts.[14]

The AAO considered whether the robbery offense was substantially similar to any enumerated qualifying criminal activity, noting that the plaintiff "must establish that the certified offense otherwise involves a qualifying criminal activity or that the nature and elements of the certified offense are substantially similar to a qualifying criminal activity."[15] It explained:

> Petitioners may meet this burden by comparing the offense certified as detected, investigated, or prosecuted as perpetrated against them with the federal, state, or local jurisdiction's statutory equivalent to the qualifying criminal activity at section [1]101(a)(15)(U)(iii) of the Act. Mere overlap with, or commonalities between, the certified offense and the statutory equivalent is not sufficient to establish that the offense "involved," or was "substantially similar" to, a "qualifying crime or qualifying criminal activity[.][16]

The AAO then compared the nature and elements of felony robbery under Cal. Penal Code § 211 to the elements of felonious assault under Cal. Penal Code § 240 to assess whether they were substantially similar and concluded that the plaintiff had "not established the nature and elements of robbery" were substantially similar to felonious assault and thus had not "demonstrated that he was a victim of any qualifying crime."[17] More specifically, it held:

> At the time of the incident, California law defined robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211 (West 2005). As previously stated, assault in California is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," Cal. Penal Code § 240 (West 2005), and is rendered felonious by the presence of certain aggravating factors as previously referenced. *See, e.g.*, Cal. Penal Code §§ 244, 244.5, 245, 245.3, 245.5 (West 2005). We acknowledge that robbery under section 211 of the Cal. Penal Code is a felony offense. However, it is otherwise distinct in its elements from California's equivalents to the qualifying

---

[14] *Id.* at 13–14 (pp. 11–12).

[15] *Id.* at 14 (p. 12).

[16] *Id.*

[17] *Id.*



United States District Court
Northern District of California

> crime of felonious assault. Robbery requires a taking of personal property as an element of the offense, which is not required under any of California's felonious assault provisions. Also, unlike the felonious assault provisions, robbery does not require the use of a weapon, force likely to produce great bodily injury, or any other aggravating circumstance, and it can be committed "without attempting to inflict violent injury, and without the present ability to do so . . . ." *People v. Wolcott*, 665 P.2d 520, 525 (Cal. 1983). Based on the foregoing, the Petitioner has not established the nature and elements of robbery are substantially similar to a felonious assault in California and therefore has not demonstrated that he was a victim of any qualifying crime at section [1]10l(a)(l5)(U)(iii) of the Act.[18]

The plaintiffs filed this lawsuit challenging the denial of the U visa and the dismissal of the appeal as arbitrary and capricious under the APA. The parties each moved for summary judgment and consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[19] The court held a hearing on December 4, 2025.

**STANDARD OF REVIEW**

Summary-judgment motions may be used to seek judicial review under the APA of agency decisions. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471–72 (9th Cir. 1994). "[R]eview is limited to assessing whether a U visa determination 'was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' in violation of a statutory, procedural or constitutional requirement, or unsupported by 'substantial evidence.'" *Perez Perez v. Wolf*, 943 F.3d 853, 864 (9th Cir. 2019) (quoting 5 U.S.C. § 706(2)(A)–(E), cleaned up); *Gomez v. Mayorkas*, No. 21-cv-09232-JSC, 2022 WL 2276896, at *4 (N.D. Cal. June 23, 2022). A reviewing court will not vacate an agency's decision unless it "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

---

[18] *Id.* (cleaned up); *see id.* at 13 (p. 11) ("For an assault to be classified as a felony in California, an aggravating factor must be present, such as the use of a deadly weapon or force likely to produce great bodily injury . . . ." (citing sections of the California Penal Code)).

[19] Compl. – ECF No. 1; Mots. – ECF Nos. 34, 38; Consents – ECF Nos. 6–7, 12.



United States District Court
Northern District of California

United States District Court
Northern District of California

## ANALYSIS

The plaintiffs contend that the AAO applied incorrect legal standards to determine whether there was a qualifying crime and disregarded material evidence (such as the law-enforcement certifications) without explanation.[20] The defendants counter that the AAO necessarily considered the entire record, evaluated whether the certifying agency detected a qualifying crime, and reached a conclusion supported by substantial evidence that there was no qualifying crime.[21] The plaintiffs prevail, and the court remands for reconsideration of the AAO's decision.

The AAO committed three legal errors that render its decision arbitrary and capricious.

First, it effectively required actual great bodily injury for felonious assault under Cal. Penal Code § 245(a)(4). California law requires only the willful use of force likely to produce great bodily injury; neither physical contact nor actual injury is necessary. Cal. Penal Code § 245(a)(4); *People v. Brown*, 210 Cal. App. 4th 1, 7 (2012). The AAO's repeated emphasis on the absence of documented injuries and the police officer's conclusion that medical attention "was not needed" suggests that it applied the wrong legal standard.

Second, it failed to analyze whether the robbery as committed — accompanied by a physical assault — was substantially similar to felonious assault. *See* 8 C.F.R. § 214.14(a)(9). Force used to accomplish a robbery may simultaneously satisfy the elements of aggravated assault when it is likely to produce great bodily injury. The AAO's categorical statement that robbery and felonious assault are "distinct in their elements" and its reliance on the abstract proposition that robbery can be committed without force likely to cause great bodily injury ignored the specific conduct described in the record. *See Aquino-Martinez v. Dir., Neb. Serv. Ctr., USCIS*, 763 F. Supp. 3d 1357, 1359, 1361–62 (M.D. Fla. 2025) (failure to analyze whether the particular robbery involved force substantially similar to aggravated assault is arbitrary and capricious).

---

[20] Cross-Mot. – ECF No. 38 at 8–9, 14–31; Pls.' Reply – ECF No. 43 at 2–11.

[21] Defs.' Reply – ECF No. 42 at 2–7.

Third, the AAO appeared to treat the absence of a specific statutory citation in the police reports and certifications as dispositive.[22] The statutes and regulations require only that the petitioner be the victim of qualifying criminal activity or substantially similar activity. They do not demand that certifying officials cite specific penal code sections. 8 U.S.C. § 1101(a)(15)(U)(iii); 8 C.F.R. § 214.14(a)(9).

Finally, the AAO failed to articulate any reason for discounting two law-enforcement certifications that explicitly identified felonious assault, multiple declarations describing the assault and resulting injury, and medical evidence of treatment, ongoing migraines, and PTSD. An agency acts arbitrarily when it fails to address significant evidence contrary to its conclusion. *State Farm*, 463 U.S. at 43; *Gomez*, 2022 WL 2276896, at *6.

## CONCLUSION

The plaintiffs' summary-judgment motion is granted, the defendants' motion is denied, and the case is remanded to USCIS for reconsideration consistent with this order.

This resolves ECF Nos. 34 and 38.

**IT IS SO ORDERED.**

Dated: December 4, 2025

LAUREL BEELER
United States Magistrate Judge

[22] AAO Decision, AR – ECF No. 29 at 12–13 (pp. 10–11).