UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARCOS ALBINO BUSTAMANTE, et al., | Case No. 25-cv-02605-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS** |
| KRISTI NOEM, et al., | Re: ECF No. 54 |
| Defendants. | |

**INTRODUCTION**

Plaintiffs Marcos Albino Bustamante and Berenice Serrano Hernandez move for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), following this court's December 4, 2025, order granting their cross-motion for summary judgment, denying defendants' motion, and remanding Mr. Albino Bustamante's U visa petition to USCIS for reconsideration.[1] The plaintiffs originally sought $15,816.07 in fees and costs. In their reply, they revised their request to $13,904.86 ($13,384.66 fees and $520.20 costs), voluntarily withdrawing the paralegal-hours claim and reducing their attorney-hours request for 2025 and

---

[1] Order – ECF No. 47. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-02605-LB

United States District Court
Northern District of California

2026 from 56.62 to 50.50 hours, while adding hours spent on the reply brief and withdrawing the costs for certified and noncertified mail.[2]

The defendants oppose, arguing (1) that the government's position was substantially justified at both the administrative and litigation stages, and (2) that even if fees are warranted, the requested amount should be reduced because of excessive staffing, vague entries, block billing, and billing for clerical tasks.[3]

The court grants the motion for fees: the government's position was not substantially justified. The court awards $13,261.89 in attorney fees and $520.20 in costs for a total of $13,782.09.

## STATEMENT

The court's earlier summary-judgment order sets forth the underlying facts and ruling. In brief, Mr. Albino Bustamante, a Mexican citizen, applied for U nonimmigrant status based on a 2005 robbery. An assailant demanded his money, headbutted him, struck him repeatedly, knocked him facedown, and pressed a knee into his neck while taking $150. The police report documented the robbery and assault. Two law-enforcement certifications on Form I-918B, executed in 2015 and 2020, checked the box for "felonious assault." Mr. Albino Bustamante also submitted personal declarations, family declarations, medical records documenting emergency-room visits for intractable migraines, and mental-health evaluations diagnosing PTSD.[4]

USCIS denied the petition on June 10, 2020, and the AAO dismissed the appeal on November 16, 2021. Both concluded that Mr. Albino Bustamante was the victim of a robbery, not a felonious assault or substantially similar qualifying crime.[5]

The plaintiffs filed suit on March 17, 2025. The parties filed cross-motions for summary judgment. On December 4, 2025, this court found that the AAO committed three legal errors rendering its decision arbitrary and capricious: (1) effectively requiring actual great bodily injury

---

[2] Mot. – ECF No. 54 at 12–13; Reply – ECF No. 56 at 10.

[3] Opp'n – ECF No. 55 at 12–14.

[4] Order – ECF No. 47 at 2–4.

[5] *Id.* at 4–6.

for felonious assault when California law requires only the willful use of force likely to produce great bodily injury; (2) failing to analyze whether the robbery as committed (accompanied by a physical assault) was substantially similar to felonious assault; and (3) treating the absence of a specific statutory citation in the police reports and certifications as dispositive. The court also found that the AAO failed to articulate any reason for discounting two law-enforcement certifications identifying felonious assault, multiple declarations describing the assault and injury, and medical evidence of treatment, ongoing migraines, and PTSD. The court remanded the case to USCIS for reconsideration.[6]

Following entry of judgment, and the parties' stipulation to extend the EAJA filing deadline, the plaintiffs timely moved for EAJA attorney's fees and costs.[7]

**ANALYSIS**

The EAJA provides that a court "shall award to a prevailing party other than the United States fees and other expenses, in addition to costs awarded [under 28 U.S.C. § 2412(a)] . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). EAJA constitutes a partial waiver of sovereign immunity and is strictly construed in favor of the United States. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

Plaintiffs are prevailing parties if they succeed on any significant issue in litigation that brings some of the benefit that the plaintiffs sought in brining suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff prevails when actual relief on the merits of the claim "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). A plaintiff also must show that it is a "party" eligible for an EAJA award of fees and costs. 28 U.S.C. § 2412(d)(2)(B).

---

[6] *Id.* at 7–8.

[7] Stipulations & Orders – ECF Nos. 50–53; Mot. – ECF No. 54.

United States District Court
Northern District of California

The defendants do not contest that the plaintiffs are prevailing parties. The court's summary judgment for the plaintiffs and remanding the case to USCIS in any event is a material alteration of the parties' legal relationship that benefited the plaintiffs. *Farrar*, 506 U.S. at 111–12.

The two remaining issues are whether the government's position was substantially justified and, if not, the reasonableness of the fees and costs.

### 1.  Substantial Justification

"Substantially justified" means "justified to a degree that could satisfy a reasonable person," i.e., having "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The standard is met if there is a "genuine dispute" or "reasonable people could differ." *Id.* The government has the burden of showing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). In cases involving district-court review of an administrative agency's action, the court evaluates the government's position as a whole, including the government's litigating position and the agency's position on the merits. 28 U.S.C. § 2412(d)(2)(D); *Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1054 (9th Cir. 2016) (citing *Comm'r v. Jean*, 496 U.S. 154 (1990)). That the government lost is not dispositive of whether the government's position was substantially justified. *Pierce*, 487 U.S. at 569 (the government "could take a position that is substantially justified, yet lose").

The government argues that its administrative adjudication was substantially justified because USCIS "reasonably weighed the conflicting evidence" in the record, citing discrepancies between the police report, the certifications, and Mr. Albino Bustamante's declarations.[8] It relies on *Ahmed v. Edlow*, No. 23-cv-04259-SI, 2026 WL 751163 (N.D. Cal. Mar. 17, 2026), for the proposition that the government is substantially justified in denying a benefit when presented with convoluted and conflicting evidence.

This argument is not persuasive. The errors identified in the summary-judgment order were legal errors, not a weighing of fact disputes or a resolving of conflicting evidence in favor of the

---

[8] Opp'n – ECF No. 55 at 8–10.

United States District Court
Northern District of California

United States District Court
Northern District of California

government. Instead, the AAO applied the wrong legal standard for felonious assault under California law by effectively requiring proof of actual great bodily injury, when the statute requires only willful force likely to produce great bodily injury.[9] Cal. Penal Code § 245(a)(4). It also conducted a categorical comparison of the elements of robbery and felonious assault without analyzing the specific conduct described in the record,[10] contrary to the regulatory mandate to examine "the nature and elements of the offense and the behavior of the perpetrator." 72 Fed. Reg. 53014, 53018 (Sep. 17, 2007). Finally, it treated the absence of a specific penal-code citation in the law-enforcement certifications as dispositive, despite no statutory or regulatory basis for that requirement.[11]

These were not close calls resolved against the plaintiffs. They were failures to apply the plain language of the governing statute, the California Penal Code, and the agency's own regulations. The requirement that felonious assault demands actual injury contradicts Cal. Penal Code § 245(a)(4) and well-established California case law.[12] *People v. Brown*, 210 Cal. App. 4th 1, 7 (2012) (holding that neither physical contact nor actual injury is required). The categorical-elements approach to "substantial similarity" contradicted the agency's own regulatory framework, which requires looking beyond the mere naming of the offense to examine the nature and elements of the offense and the behavior of the perpetrator. 72 Fed. Reg. at 53018–19. And the requirement of a specific statutory citation had no basis in the statute, the regulations, or the agency's own guidance. *See* USCIS, U Visa Law Enforcement Resource Guide at 4, https://www.uscis.gov/sites/default/files/document/guides/U_Visa_Law_Enforcement_Resource_Guide.pdf ("These are general categories, and not specific crimes or citations to a criminal code.").

*Ahmed* is distinguishable. In that case, the record was developed during litigation, which confirmed the plaintiff's entitlement to citizenship. 2026 WL 751163, at *2. Here, the record was not supplemented during litigation. The same record that the AAO reviewed prompted this court

---

[9] Order – ECF No. 47 at 7.

[10] *Id.*

[11] *Id.* at 8.

[12] *Id.* at 7.

to identify three independent legal errors. The government's position was not substantially justified merely because the evidence was voluminous (and it was not voluminous here) or because some factual discrepancies existed between sources. The problem was that the AAO applied the wrong legal standards to that evidence.

Furthermore, the AAO failed to articulate any reason for discounting two law-enforcement certifications that explicitly identified felonious assault, as well as multiple declarations and medical evidence. An agency acts arbitrarily when it ignores significant evidence contrary to its conclusion without explanation. *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). A position that rests on fundamental misapplications of governing law and disregard of material evidence is not one that could satisfy a reasonable person. *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996) (agency position not substantially justified where it violated its own regulations); *see also Benally v. U.S. Off. of Navajo & Hopi Indian Relocation*, 154 F.4th 630, 639 (9th Cir. 2025) (remand for lack of substantial evidence is a strong indication the position was not substantially justified).

The government's litigation position is evaluated as part of the same inquiry. *Ibrahim*, 835 F.3d at 1054. In defending the AAO's decision, the government defended the same legal errors this court identified in its merits order. The government's briefing on summary judgment did not identify any intervening change in the law, any unsettled legal question, or any novel issue that might distinguish this from a case in which the government "vainly pressed a position flatly at odds with" clearly applicable law. *Cf. Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 564 (6th Cir. 2021) (cleaned up). Rather, the applicable legal standards were clearly established by the plain language of the statute and regulations, long-standing California case law, and the agency's own guidance. The government's litigation position was likewise not substantially justified.

The government does not otherwise identify special circumstances that would make an EAJA award unjust. On this record and argument, there are none. The government has not met its burden of showing that its position was substantially justified. The plaintiffs are entitled to an EAJA award.

## 2. Reasonableness of Fees and Costs

The prevailing party has the burden of proof that fees awarded under the EAJA are reasonable, including providing detailed time records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 434, 437. Then, the opposing party carries the burden of challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

The defendants do not challenge the plaintiffs' counsel's hourly rate.[13]

The plaintiffs' revised request claims 1.32 hours in 2024 and 50.50 hours in 2025–2026 across three attorneys, for a total of 51.82 attorney hours.[14] The defendants raise several objections.

***Excessive Staffing.*** The defendants contend that staffing seven people (three attorneys and four paralegals) was unreasonable.[15] The plaintiffs respond that one attorney billed fewer than one hour, a second billed only 3.87 hours, and there is no duplicative or redundant work.[16] There is no duplication. Each attorney performed distinct tasks. That a small firm divides discrete tasks among attorneys does not render the staffing unreasonable, particularly where the total hours are modest. There is no reduction of fees on this basis.

***Block Billing.*** The defendants identify four entries as impermissible block billing.[17] The plaintiffs withdrew two of the challenged entries in their amended time records. Of the two remaining entries, the first is a 2.88-hour entry for hearing preparation (reviewing arguments, outlining, preparing case lists, reviewing holdings, organizing the record, and conducting mock arguments). The second is a 1.52-hour entry for the court hearing and subsequent client consultation.[18] Neither entry constitutes the type of "total daily time" block billing that the Ninth Circuit has identified as problematic. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th

---

[13] Opp'n – ECF No. 55 at 12–14.

[14] Mot. – ECF No. 54 at 11; Reply – ECF No. 56 at 10.

[15] Opp'n – ECF No. 55 at 12–13.

[16] Reply – ECF No. 56 at 7.

[17] Opp'n – ECF No. 55 at 13.

[18] Reply – ECF No. 56 at 8–9.

United States District Court
Northern District of California

Cir. 2007). Each entry covers a discrete work session devoted to related tasks, and the court can evaluate the reasonableness of the time spent. The court declines to reduce fees for block billing.

*Vague Entries.* The defendants challenge certain paralegal entries as vague. The plaintiffs have withdrawn their entire paralegal-hours request of $329.44.[19] This objection is moot.

*Clerical Tasks.* The defendants argue that certain attorney time entries include clerical tasks such as "pulled the I-290B," drafting the civil cover sheet, calendaring deadlines, and formatting.[20] A court should not award attorney-rate fees for tasks that are clerical in nature. *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992). The plaintiffs concede that some entries included clerical work and submitted amended time records eliminating several entries.[21] Reviewing the amended records, the court identifies certain entries that still include some clerical components intermingled with legal work. Examples the court identified are (1) the 0.4-hour entry on June 13, 2025, which includes both substantive review of the government's summary-judgment motion and requesting that a paralegal "schedule clients for a telephone appointment;" (2) the 1.52-hour entry on December 4, 2025, including appearing before the court, consulting with clients, and asking a paralegal "to please call the clients and schedule a telephone appointment;" and (3) the 2.83-hour entry on December 17, 2025, which includes both substantive EAJA drafting and tasks such as "communicated with the accounting department," "routed a pdf," and "explained the format needed."[22] The court applies a ten-percent reduction to those attorney hours to account for residual clerical components that cannot be precisely excised due to the manner in which they were recorded. This is a conservative reduction reflecting the court's view that the vast majority of the claimed time was substantive legal work.

*Fees for Fee Litigation.* The Supreme Court has held that once a litigant establishes eligibility for EAJA fees, "fees for fees" are recoverable. *Jean*, 496 U.S. at 161–65 (holding that the EAJA

---

[19] *Id.* at 7.

[20] Opp'n – ECF No. 55 at 14.

[21] Reply – ECF No. 56 at 7–8.

[22] Am. Time Recs. – ECF No. 56-2 at 8, 19, 21.

United States District Court
Northern District of California

favors treating the fee case as a single unit and that hours spent on the fee application are compensable). The court awards fees for time spent on the EAJA motion.

*Final Calculation.* The court calculates the fee award as follows:

**2024 attorney hours:** 1.32 hours × $251.84 = $332.43. These hours are reasonable.

**2025–2026 attorney hours:** 50.50 hours, reduced by ten percent for residual clerical tasks = 50.025 hours × $258.46 = $12,929.46.

**Costs:** The plaintiffs seek $520.20 in costs, comprising a $405.00 court filing fee and $115.20 in mailing costs (a reduction from the original costs requests of $849.64). The $405.00 filing fee is clearly compensable under EAJA. *See Rashid v. Dep't of Homeland Sec.*, 2:14–2109–JAM–KJN, 2017 WL 4959430, at *7 (E.D. Cal. Nov. 1, 2017). The $115.20 in postal costs for service and chambers copies are likewise reasonable litigation expenses. The court awards $520.20 in costs.

**Total award: $332.43 + $12,929.46 + $520.20 = $13,782.09.**

**Net Worth Requirement:** The plaintiffs submitted sworn declarations attesting that neither has at any time possessed a net worth of $2,000,000 or more. 28 U.S.C. § 2412(d)(2)(B). The defendants do not challenge this showing. The net-worth requirement is satisfied.

## CONCLUSION

The court awards fees and costs totaling $13,782.09, consisting of $13,261.89 in attorney fees and $520.20 in costs.

This resolves ECF No. 54.

**IT IS SO ORDERED.**

Dated: April 24, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California